IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>$50,040 IN UNITED STATES CURRENCY,<br><br>    Defendant.<br>                                                 /<br>MICHAEL MOSS,<br><br>    Claimant.<br>                                                 / | No. C 06-04552 WHA<br><br><br>**ORDER DENYING CLAIMANT'S<br>MOTION TO DISMISS** |

**INTRODUCTION**

In this civil forfeiture action, claimant Michael Moss moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). The parties disagree as to the standard of review in a civil forfeiture case. This order finds that the complaint sufficiently states a claim under both Rule G and Rule E(2)(a). Accordingly, claimant's motion to dismiss the complaint is **DENIED**.

**STATEMENT**

On March 29, 2006, members of the San Francisco International Airport Drug Enforcement Task Force and the South San Francisco Police Department inspected a Federal Express Facility. Special Agent Willie Byrd noticed a brown cardboard box with a handwritten air bill, stating that the sender paid $43.95 in cash for standard overnight delivery. The parcel

was assigned tracking number 856031677262.  It was addressed to Ryan Lynch, 3145 Geary Blvd. #328, San Francisco, CA.  It bore the return address of Michael Moss, 271 Blue Sage Circle, Steamboat, CO 80477.

Detective Marty Mahon had his certified narcotic detection canine, "Maximus," examine the area containing numerous parcels.  After conducting a search, Maximus made a positive alert to parcel number 8560316772, indicating that the parcel had the odor of narcotics.  The parcel was searched pursuant to a state search warrant.  Inside the parcel was a "sealed mini macro [sic] computer box" containing $50,040.00 in United States currency divided into 50 individually rubber-banded stacks in two heat-sealed pouches (Compl. ¶¶ 7–9).

When task force officers interviewed Michael Moss, he stated that he sent Lynch the $50,040 in cash as a down payment for realty.  Moss stated that Lynch was his realtor and partner in a venture to purchase a residence in San Diego — property he said he had personally viewed.  Moss explained that Lynch demanded cash only, so he sent a combination of cash he had in his residence and cash borrowed from two personal credit cards, but he could not support his statements with credit card receipts or documentation of the location of the property.  Later in the interview, however, Moss stated that the property was in the San Francisco Bay Area (Compl. ¶ 11).

The next day, agents went to the address on the parcel — a UPS Store.  They learned from the store's manager that "Lynch had received a total of four Federal Express packages and two USPS parcels" in that six-month period.  Agents interviewed Lynch in the presence of her attorney on April 4, 2006.  Lynch denied knowledge of the parcel and of Michael Moss.  She further denied that she expected a parcel or that she knew anyone in Colorado that would send her currency.  After consulting with her attorney, Lynch signed a disclaimer of title and interest in the parcel and currency.  She then declined to answer any more questions (Compl. ¶¶ 12–13).

The government filed a complaint for civil forfeiture on July 26, 2006.  Claimant now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to establish probable cause.

2

**ANALYSIS**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

### 1. THE CIVIL FORFEITURE COMPLAINT SUFFICIENCY STANDARD IS IDENTICAL UNDER RULES G AND E(2)(A).

The procedural requirements of a civil forfeiture action are governed by the Civil Asset Forfeiture Reform Act ("CAFRA") of 2000, Pub. L. No. 106-185, 114 Stat. 202 (codified principally at 18 U.S.C. 983) and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Prior to the adoption of Rule G, Rule E(2)(a), which governed the sufficiency of complaints in *maritime* forfeiture actions, also applied to civil forfeitures cases. 21 U.S.C. 881(d); *United States v. $639,470.00*, 919 F. Supp. 1405, 1416–17 (C.D. Cal. 1996). On December 1, 2006, Rule G was adopted to govern civil forfeiture actions in rem. It states that in a forfeiture action in rem arising from a federal statute:

> [t]he complaint must (a) be verified; (b) state the grounds for subject-matter jurisdiction; (c) describe the property with reasonable clarity; (d) if the property is tangible, state its location when any seizure occurred and – if different – its location when the action is filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.
>
> \*    \*    \*
>
> In an action governed by 18 U.S.C. § 983(a)(D) the complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitablity of the property. The sufficiency of the complaint is governed by Rule G(2).

FRCP Supp. AMC G(1)–(2), (8)(b)(ii). The advisory committee notes state that Rule G(2)(f) carries forward the interpretation of Rule E(2)(a) standard as applied by case law to civil

3

forfeiture actions.[1] The notes specifically articulate this standard as: "The complaint must state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." The notes cite with approval *United States v. Mondragon*, 313 F.3d 862 (4th Cir. 2002).

In *Mondragon*, the Fourth Circuit acknowledged that the passage of CAFRA affected its interpretation of Rule E(2)(a). Since CAFRA changed the government's trial burden for showing probable cause, the Fourth Circuit declined to follow the wording of the pre-CAFRA line of cases which articulated the Rule E(2)(a) standard in terms of probable cause. On review of a motion to strike the government's complaint for failure to meet the particularity requirement of Rule E(2)(a), the court adopted the general standard that "a complaint under Rule E(2)(a) must allege sufficient facts to support a reasonable belief that the property is subject to forfeiture." *Id.* at 865. This decision to omit the words "probable cause" did not change the standard for sufficiency. Whether stated as a "reasonable belief that the property is subject to forfeiture" or a "reasonable belief that the government will be able to meet its burden of proof at trial," the ultimate meaning is identical. A property is only subject to forfeiture if the government meets its burden of proof at trial. 18 U.S.C. 983(c)(1).

There is no Ninth Circuit case interpreting the post-CAFRA standard of review for a civil forfeiture complaint. Both the *Mondragon* interpretation of Rule E(2)(a) and the newly enacted Rule G, however, are consistent with district court interpretations in the Ninth Circuit.

> The Supplemental Rules require that the Government 'describe with reasonable particularity' both the property subject to forfeiture and 'the circumstances from which the claim arises,' such that the claimant is able to investigate and challenge the forfeiture without requiring additional information about the property or the alleged wrongdoing. Beyond those requirements, at the pleading stage the 'government's complaint must establish only a reasonable belief that the government can show probable cause for forfeiture at trial.'

---

[1] Rule E(2)(a) stated and still states that "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." The advisory committee notes state that Rule E was amended in 2006 "to reflect the adoption of Rule G to govern procedure in civil forfeitures."

4

*United States v. Funds Rep'g Proceeds of Drug Trafficking of $75,868.62 Transferred to Acct No. 7916944712 Located at Leumi Bank, Miami Fla.*, 52 F. Supp. 1160, 1163 (C.D. Cal. 1999) (quoting *$639,470.00*, 919 F. Supp. at 1416–17) (internal citations omitted); *see also United States v. All Funds in Credit Suisse Private Banking Acct No. 0251-844548-6 in the Name of Alexandria Inv., LLC.*, No. CV05-3910 (ABCMKCX) 2005 WL 520030, *2 (C.D. Cal. Sept. 20, 2005) (citing to and applying the standard to a claimants' motion to dismiss a civil forfeiture complaint). This interpretation is in practice similar to the standard articulated in the newly enacted Rule G.

Claimant asserts that "the government's complaint must demonstrate probable cause to believe the seized property was drug proceeds" (Br. 3). This assertion is based on claimant's interpretation of *United States v. $191,910.00*, 16 F.3d 1051 (9th Cir. 1994). Claimant erroneously relies on *$191,910.00* as setting the standard for post-CAFRA motions to dismiss under Rule 12(b)(6). *$191,910.00* only stated the pre-CAFRA standard for *summary judgment*; it never stood for the proposition that the government had to demonstrate probable cause at the *pleading stage*. *$639,470.00*, 919 F. Supp. at 1417 (noting that while under *$191,910.00* the government is required to have probable cause at the time it files a complaint, it is not required to meet that burden at the pleading stage under Rule E(2)). This is true despite claimant's assertion that assessing the sufficiency of the complaint under Rule G(2) alone would violate the Fourth Amendment.

CAFRA incorporated the protections of the Fourth Amendment by requiring warrants for seizures unless "there is probable cause to believe that the property is subject to forfeiture and the seizure is made pursuant to a lawful arrest or search." 18 U.S.C. 981(b)(2)(B). Challenges to the legality of the seizure — whether there is probable cause to believe the property is subject to forfeiture at time of seizure — are brought pursuant to a motion to suppress under Rule G(8)(a), not a motion to dismiss. *United States v. $78,850.00 in U.S. Currency*, 444 F. Supp. 2d 630, 635–637 (D.S.C. 2006). Where the claimant lacks standing to seek suppression, "a challenge to the sufficiency of evidence connecting the currency to a crime might more properly be brought after discovery, on a motion for summary judgment." *United*

*States v. $200,255.00 in U.S. Currency More or Less,* No. 7:05-CV-27 (HL) 2006 WL 168774, *9 n.9 (M.D. Ga. June 12, 2006) (denying motion to dismiss for lack of probable cause connecting currency to sale or purchase of controlled substances and finding complaint sufficient under Rule E(2)(a)). Even if claimant had moved to suppress, it would "not affect the forfeiture of the property based upon independently derived evidence." Rule G(8)(a). Thus, the sufficiency of the complaint would still be governed by Rule G(2).

2.  **THE COMPLAINT IS SUFFICIENT.**

The parties do not dispute that the complaint meets the preliminary requirements of Rule G — it is verified and it states the grounds for subject-matter jurisdiction, in rem jurisdiction and venue (Compl. ¶¶ 2–4). Rule G(2)(a)–(b). The complaint described the property seized and the manner of packaging with reasonable particularity (Compl. ¶¶ 7). Rule G(2)(c). It described the circumstances of seizure — the sweep of the facility, the positive alert on the package by the narcotic detection canine, and the subsequent interviews of claimant Moss and the intended recipient of the package (Compl. ¶¶ 7–13). Rule G(2)(d). The complaint cited 21 U.S.C. 881(a)(6) as the statute under which the action was brought. Rule G(2)(e). Thus the only issue in dispute is whether the complaint satisfies Rule G(2)(f) — whether the complaint states sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

> Seized currency is subject to forfeiture if it was furnished or intended to be furnished in exchange for a controlled substance, is traceable to such an exchange, or was used or intended to be used to facilitate any [drug transaction]. 21 U.S.C § 881(a)(6); *United States v. United States Currency $ 30,060.00*, 39 F.3d 1039, 1041 (9th Cir. 1994). In a civil forfeiture proceeding, the burden of proof is on the government to establish, by a preponderance of evidence, that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). Moreover, if the government's theory is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the government 'shall establish that there was a substantial connection between the property and the offense.' 18 U.S.C. § 983(c)(3).

*United States v. $193,680.00 U.S. Currency*, No. CV 01-9676 CBM (Mcx) 2004 U.S. Dist. LEXIS 21745, *11–12 (C.D. Cal. Oct. 1, 2004). At the pleading stage, there need only be a reasonable belief that the government can meet the above burden for the civil forfeiture complaint to be sufficient. Rule G(2)(f). In other words, does the complaint — read in the light

6

most favorable to the government — allege facts that will support a reasonable belief that the seized currency was more likely than not connected to an illegal drug transaction. 21 U.S.C. 881(a)(6); 18 U.S.C 983(c); *Mondragon*, 313 F.3d at 866–65.  This order finds that the complaint sufficiently states such a claim.

This order looks to the totality of the circumstances to evaluate the sufficiency of the complaint. *Mondragon*, 313 F.3d at 866.  In the instant case, the $50,040 consisted of 118 hundred-dollar bills, 108 fifty-dollar bills, 1641 twenty dollar bills and 2 ten-dollar bills.  The currency "was divided into 50 individually rubber-banded stacks" contained in "two separate heat-sealed pouches," further sealed in a computer box (Compl. ¶¶ 9).  Although strong evidence, a large sum of money, by itself, is insufficient to show a connection to drugs. *United States v. Currency, U.S. $42,500.00*, 283 F.3d 977, 981–982 (9th Cir. 2002).  But other factors present here suggest a connection to drugs.  Courts have found the manner of packaging used in this case to be consistent with drug trafficking. *Id*. at 982 (wrapping money in cellophane was commonly used to conceal drug odor and avoid detection by drug dogs); *United States v. $242,484.00 in U.S Currency*, 389 F.3d 1149, 1161–1163 (11th Cir. 2004) (rubber-banded money sealed in cellophane-like material and Christmas wrap was consistent with drug couriers).  The narcotic detection canine alerted to the package.  *$42,500.00*, 283 F.3d at 982 (whether there is a sophisticated dog alert is an important factor).  When questioned, the claimant gave inconsistent statements.  The addressee denied knowing the claimant and disclaimed the package. *United States v. $22, 474.00 in U.S. Currency*, 246 F.3d 1212 1216–1217 (9th Cir. 2001) (inconsistent statements and discrepancies in stories support an inference that the money was drug-related).  The totality of these allegations support a reasonable belief that the currency was connected to drugs. *Mondragon*, 313 F. 3d at 866 (the sum, unusual packaging in sealed plastic bags and drug dog alert on money found sufficient).  The complaint is detailed enough that Moss could have commenced a meaningful investigation

and drafted a responsive pleading. Finding that the complaint sufficiently states a claim under both Rule G and Rule E(a)(2), this order denies claimant's motion to dismiss.[2]

## CONCLUSION

For the abovementioned reasons, claimant's motion to dismiss the complaint is **DENIED**. Claimant is directed to file an answer to the complaint by **4:00 P.M.** on **APRIL 24, 2007**.

**IT IS SO ORDERED.**

Dated: April 19, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] After the complaint was filed but before the briefing on the instant motion was completed, Congress adopted Rule G. Neither party addressed the retroactivity of Rule G. Since the complaint is sufficient under both Rule E(2)(a) and Rule G, the possible retroactivity of Rule G need not be resolved herein.

8